# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TRUMAN BAYS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0054** (BOR Appeal No. 2047449)
                      (Claim No. 2001037787)

**PERFORMANCE COAL COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Truman Bays, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Performance Coal Company, by Paul Pinson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 18, 2012, in which the Board affirmed a July 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 18, 2010, decision which denied a request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bays, a maintenance foreman and coal miner, developed occupational pneumoconiosis in the course of his employment. He also sustained an injury to his lumbar spine. Mr. Bays was granted a permanent partial disability award of 40% for occupational pneumoconiosis and a 5% award for his lumbar spine injury. Mr. Bays applied for a permanent total disability award based upon these permanent partial disability awards. The claims administrator denied the request on October 18, 2010.

1

The Office of Judges affirmed the claims administrator's denial in its July 19, 2012, Order. In order to be eligible for a permanent total disability award, a claimant must first have been awarded the sum of 40% or more in prior permanent partial disability awards. West Virginia Code § 23-4-6(n)(1) (1999). Second, a claimant must then be reevaluated by a Reviewing Board to determine if they have suffered 40% whole body medical impairment or more. West Virginia Code § 23-4-6(n)(1).[1] The Office of Judges found that Mr. Bays met both of these requirements. In order to meet the third requirement it must be established that he is unable to return to substantial gainful employment. West Virginia Code § 23-4-6(n)(2) (2005).

Whether a claimant can return to substantial gainful employment is determined using three steps. First, it must be determined if the claimant can return to his past employment. West Virginia Code §23-4-6(n)(2). Both functional capacity evaluations on record indicate Mr. Bays is functioning at the light physical demand level but may progress to the medium physical demand level with work conditioning. However, there is no medical evidence to show that he could return to his previous work in the coal mines due to his occupational pneumoconiosis. The Office of Judges therefore held that he could not return to his pre-injury work in the coal mines.

The second step is to determine if the claimant can return to any type of work from a physical stand point. West Virginia Code §23-4-6(n)(2). The Office of Judges determined that Mr. Bays could return to sedentary/light work with material handling restrictions based on pulmonary pathology. N. Arthur Lilly, M.S., A.T.C., found in a 2006 functional capacity evaluation that Mr. Bays was not permanently and totally disabled because he could operate at the light physical demand level. In a re-evaluation in 2011, he again found Mr. Bays could perform at the light physical demand level with material handling restrictions. Mr. Bays's treating physician, George Zaldivar, M.D., noted in his treatment notes that Mr. Bays had certain limitations due to shortness of breath. This was found to be contradictory to Mr. Lilly's 2006 functional capacity evaluation findings because he noted that Mr. Bays had no shortness of breath. The Office of Judges also found that Dr. Zaldivar's notes largely consist of checked boxes and illegible notes. There are no narrative reports in which he expresses an opinion as to whether Mr. Bays could return to any type of employment. He did, however, indicate he could not be exposed to extreme temperatures, chemicals, dust, fumes, or humidity. The Office of Judges found that the restrictions do not rule out every job in the sedentary/light physical demand level. Therefore, it held that Mr. Bays can perform light or sedentary jobs with some restrictions.

The third step is to determine if a claimant can be vocationally rehabilitated or has the vocational potential to return to work. West Virginia Code §23-4-6(n)(2). Mr. Bays argued before the Office of Judges that a vocational assessment by James Williams, M.Ed., L.P.C., C.R.C., failed to take into consideration the fact that Mr. Bays functions at low levels of reading, spelling, and math. The Office of Judges found that Mr. Williams was aware of the limitations and considered them in his determination that Mr. Bays was not permanently and totally disabled. Mr. Williams found that he demonstrates the capacity to learn, reason, and adapt to work. A labor market survey was performed by Casey Vass, R.N., M.S., C.R.C., C.L.C.P.,

---

[1] Mr. Bays filed his claim prior to the 2005 amendments. He is therefore only required to meet the 40% threshold.

Q.R.P., in which it was found that Mr. Bays is not employable in the competitive labor market, and his work-gained skills are not transferable to other jobs. The Office of Judges found that he failed to indicate where the jobs were located. Mr. Vass also found that Mr. Bays lacks the skills and aptitude for office work. However, the Office of Judges determined that Mr. Bays has shown the knowledge and skill to obtain certifications as an electrician and fire boss during the course of his employment. This indicates the ability to increase his educational level. It was noted that Mr. Vass failed to complete the transferable skills analysis. Michael Price, M.A., Q.R.P., performed the most recent vocational assessment of record on December 21, 2011. He determined that Mr. Bays was not permanently and totally disabled because he was capable of performing fulltime light physical work. Mr. Price did a labor market survey within a seventy-five mile radius of Mr. Bays's home and found that jobs were available for which he would be qualified or could become qualified through short-term training.

Based upon the vocational reports of Mr. Williams and Mr. Price, the Office of Judges determined that Mr. Bays can return to substantial gainful employment and that there are jobs in his geographical area for which he is qualified. He presented no functional capacity evaluation to contradict either the 2006 or 2011 functional capacity evaluations. He is therefore not permanently and totally disabled.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 18, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidence indicates that Mr. Bays is capable of substantial gainful employment and therefore is not permanently and totally disabled.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

Justice Brent D. Benjamin, disqualified

3